## John Sperry *vs.* Reuben Wilcox.

In an action of slander, the defendant pleaded the general issue, and gave notice that he should justify speaking the words by proving them to be true. On the trial, he gave evidence tending to prove the truth of the words. The judge instructed the jury that if they were satisfied that the defendant made the charge against the plaintiff, which was alleged in the declaration, they should find a verdict for the plaintiff, unless, upon the whole evidence, they were satisfied that the charge was true ; that the burden of proof was on the defendant to establish that fact ; and that if the jury doubted as to that fact, they should find for the plaintiff. *Held,* that this instruction was correct.

In the trial of an action of slander for charging the plaintiff with stealing a deed, made to him by the defendant, of a certain farm, the defendant, in order to prove the truth of the charge, gave evidence (*inter alia*) that the plaintiff, on being charged by the defendant with stealing the deed, took the deed from the register's office, and reconveyed the farm to the defendant ; and that there was a recital, in the deed of recon veyance, respecting " the improper delivery," &c. of the former deed. *Held,* that the plaintiff was rightly permitted to prove, by way of rebutting the inference which might be drawn from the evidence aforesaid, that one of his friends advised him to make the deed of reconveyance, for the purpose of avoiding the expense of a lawsuit.

This was an action of slander, for charging the plaintiff with stealing a deed. The general issue was pleaded and notice given that the defendant would justify speaking the words, by proving the truth of the charge.

At the trial before *Wilde,* J. the defendant gave evidence that on the 5th of April, 1837, a negotiation was pending between him and the plaintiff, and the plaintiff's brother, Sylvester Sperry, for the sale to them of the defendant's farm and certain personal property, for a sum exceeding $5000 ; that all but $3000 of said sum was to be paid on delivery of the deed by the defendant, and $3000 to be secured by their note, and a mortgage on said farm : That the plaintiff and defendant procured a deed and a mortgage to be drawn by an attorney ; that the defendant executed and acknowledged the deed, and the plaintiff executed

and acknowledged the mortgage, and each party took his own papers, and left the attorney's office, with an understanding that when the plaintiff and his said brother should procure and pay to the defendant the consideration money, except the $3000, the defendant should deliver his deed (which was drawn with a clause for relinquishment of dower by his wife,) and should receive the mortgage (being first executed by the plaintiff's said brother) and a note of the plaintiff and his brother for said $3000 : That on the 19th of April, the plaintiff carried the deed of the arm to the registry of deeds, and that it was recorded : That on the 4th of May the defendant charged the plaintiff with stealing said deed, and that on the same day, the defendant went to the registry, obtained the deed, and with his brother reconveyed the farm to the defendant.

In this deed of reconveyance, there were recitals of the former transactions, and mention was made of the "improper delivery" of the former deed.  From inspection of that deed, it appeared that the defendant's wife never executed it.

The plaintiff then introduced said Sylvester Sperry, who testified, that on the 19th of April, the defendant delivered his deed to the plaintiff, in the defendant's house, (no witnesses except the parties being present) and received the note of the plaintiff and the witness, and their mortgage for $3000, and also their other note for $2437, for his deed to the plaintiff, and for the balance of the consideration money for said farm and personal property.

The defendant then introduced a witness, who testified that said Sylvester Sperry, in the first week in May, 1837, a day or two before the reconveyance by him and the plaintiff to the defendant, as above stated, informed the witness that he and the plaintiff expected the money, in a few days, to pay for the farm (except $3000) — that the papers were then drawn, and would be exchanged, when they should so get and pay the money.

The plaintiff was permitted to prove that after the defendant had charged him with taking the deed feloniously, and had ordered him to quit the farm, the plaintiff's father advised him to

give up the bargain and to reconvey the property, as a lawsuit would be expensive and he would not be able to carry it on.

On this evidence, the jury were instructed, that if they should be satisfied that the defendant charged the plaintiff with stealing, as alleged in the declaration, they should find for the plaintiff, unless upon the whole evidence, they should be satisfied that he took the deed from the defendant feloniously : That the burden of proof was on the defendant to establish that fact ; and that if they doubted whether the plaintiff took the deed feloniously, or that it was delivered to him by the defendant, as S. Sperry testified, the plaintiff would be entitled to a verdict.

A verdict was returned for the plaintiff. The defendant excepted to said instructions ; and if they were wrong, or if the evidence for the plaintiff, of his father's advice, was inadmissible, the verdict to be set aside and a new trial granted ; other wise, judgment to be rendered on the verdict.

*Sumner*, for the defendant. ·

*Jones*, for the plaintiff.

SHAW, C. J.   The court are of opinion that the direction to the jury was correct, and could not have been different.   All that the plaintiff had to do, in the first instance, was to prove the speaking of the slanderous words of and concerning the plaintiff.   This was first to be considered by the jury.   If the proof did not establish it, there was an end of the case, and the jury had no need to consider the justification offered by the defendant, or the proof offered to support it.   But the words being actionable by themselves, if the speaking were proved, the plaintiff would be entitled to a verdict, unless the defendant should prove the truth of the fact charged.   He assumes to prove this affirmatively, and to the satisfaction of the jury.   It follows, as a necessary consequence, that if the whole evidence leaves this in doubt, the justification is not made out.

The course, adopted by the defendant to sustain this defence, is this : He goes into the evidence to show a *primâ facie* case of felonious taking, and then asks the court to instruct the jury that the burden is upon the plaintiff to rebut that evidence.   We think this is founded on a common misapprehension of the law

23 *

on the subject of burden of proof. Suppose the defendant had brought the strongest evidence of an actual felonious taking of the deed ; such as the plaintiff's confession. The plaintiff might thereupon show that the witnesses were not worthy of credit, and that there had been a conspiracy to swear falsely, &c. The question would still be a question for the jury, depending upon the weight of the whole evidence, whether the defendant had proved, to the satisfaction of the jury, the fact that the deed was feloniously taken. If so, he has sustained the burden of proof, established his justification, and maintained his defence. But if, on all the evidence, this is left in doubt, the defence, on the ground of justification, fails. The question, whether *primâ facie* evidence is overbalanced by the rebutting proof, is very different from the question who has the burden of proof. The former is solely for the jury, upon the whole evidence. This point may be well illustrated by pleading. Suppose the truth were pleaded in justification, and no other plea : the issue would be upon the. truth of the fact, and the burden of proof upon the defendant to maintain his plea. Of course, unless the jury were satisfied, on the whole evidence, of the truth of the fact pleaded, the issue must be found against the defendant.

In regard to the other point, the evidence objected to was that the plaintiff was advised by his father to give up the bargain and reconvey the estate to the defendant. The defendant relied upon certain recitals in the deed of reconveyance, from which it might be inferred that he admitted that the deed had been improperly obtained, and that the same inference might be drawn from the fact itself of the reconveyance. We think it was competent for the plaintiff to rebut those inferences, by showing that in making the reconveyance he acted on a different motive ; and the advice of his father, though a slight circumstance and not of much importance, was competent to prove such motive.

*Judgment on the verdict.*